WILLIAM H. ADAMS, et al., executors, propounders, plaintiffs in error, vs. JAMES M. SANDIGE and WIFE, caveators, defendants in error.

On an issue of will, or no will, the executor presented himself as a witness, to prove the affirmative; and, to render himself competent, he offered to deposit a sum sufficient to pay the costs.

*Held*, That he would still be interested in the event of the suit, to the extent of the costs, because, if he gained the case, the costs would come out of the other party, and he would get back his deposit.

Caveat to will, in Elbert Superior Court. Tried on appeal, before Judge THOMAS, September Term, 1859.

The plaintiffs in error, as executors of the last will and testament of William Pulliam, deceased, being cited to probate said will in solemn form, the defendants in error filed their caveat to the same, upon the following grounds, viz:

1st. Because, at the time said paper writing was executed, the deceased was not of sound and disposing mind and memory.

2d. Because deceased was unduly influenced to make, sign and acknowledge said paper.

3d. Because the contents of said paper were never read by deceased, or otherwise made known to him.

After trial and argument, the Ordinary pronounced for the will, and ordered the same to record and probate in solemn form of law; from which decision caveators appealed.

At the trial on the appeal, in the Superior Court, counsel for propounders proposed to examine as a witness, William H. Adams, one of the executors of said will, and who had qualified as such, the witness first offering to release and relinquish all his interest in the commissions due on the estate; to deposit whatever amount the Court should adjudge sufficient to pay all costs, and to purge himself by oath, that he had assumed no personal liabilities on account of or touching the estate of deceased. The presiding Judge ruled the

witness incompetent, and repelled the testimony, and propounders excepted.

The testimony being closed, the Court charged the jury, who, thereupon, retired and found against the will. Whereupon, counsel for propounders tendered their bill of exceptions, assigning as error—

1st. The ruling of the Court refusing to allow Adams, one of the executors, to be sworn and examined as a witness in the cause, upon the terms and conditions above stated.

2d. The charge of the Court upon the subject of undue influence, when there was no evidence of any undue influence before the jury.

3d. The charge of the Court, "that the decisions of the Supreme Court must be enforced until repealed by the General Assembly," when there never had been any decision in this case by the Supreme Court.

VANDUZER; and TOOMBS, for plaintiffs in error.

HESTER & AKERMAN, contra.

By the Court.—BENNING J. delivering the opinion.

Was the Court right in holding, that Adams was incompetent to testify, for himself, and his co-executor, Maxwell?

We adhere to the opinion, that if a person is not interested in the event of the suit, he is competent to testify in the suit, although he may be a party to it. 19 Ga. 203; 18 Ga. 609; 22 Ga. 58.

The only question for us then, is, would Adams have been interested in the event of the suit, if his offer had been accepted by the Court, and complied with by himself.

First, suppose that so much of Adam's offer, as related to the deposit of a sum sufficient to pay the costs, had been accepted by the Court, and complied with by him, would that have relieved him from all interest in the event of the suit, so far as the costs were concerned? We think not. Sup-

pose he and his co-executor had gained the case, what would have become of this deposit? It would have gone back to him, for, in that event, the payment of the costs, would have fallen upon the losing party, not on him and his co-executor. Consequently, Adams would still have been interested in the event of the suit, just as much as he would have been, if there had been no such deposit made. This is a result from the fact, that the offer was a thing coming from Adams, instead of from the legatees named in the will. If they had made a deposit of a sufficient sum, to pay the costs, the case would have been different; for the effect of such a deposit, would have been, that the costs should fall either, on the legatees, or on the caveators, and, therefore, that the costs could never fall on him, Adams. And in the case of *The Central Railroad vs. Hines, Perkins & Co.*, 19 *Ga.* [(supra,) the deposit was made, not by the party himself offered as a witness, but by his co-parties—his former partners—he having sold out to them, after the commencement of the suit by the partnership. He, therefore, was in no danger from the costs.

We think, that Adams would still have been interested in the event of the suit, to the extent of the costs, if his offer as to the costs, had been accepted by the Court and complied with by him. If we are right in this, the offer was insufficient in that particular of it, which respected the costs; and if insufficient in that particular, it was to be rejected, no matter how sufficient it might be, in the other particulars. It is needless, therefore, to consider it in respect to those particulars.

The result is, that we affirm the judgment excluding Adams.

The next question is, was the Court right in charging, on undue influence. It is said, that there was no evidence of undue influence. We think, that there was some evidence on that point; that, at least, there was some evidence as to which, the caveators might have argued, that it showed

undue influence.    That was the evidence of Eaverson.    It was not pretended, that the charge did not state the law of undue influence, correctly.

We cannot say, then, that the Court erred, in charging on the question of undue influence.

The third and last exception was abandoned.

Judgment affirmed.